IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES P. SPAIN                  )
                                       )
     v.                         )     NO:   3:15-0774
                                         )
DR. JAMES BRIDGES, et al.      )

TO: Honorable Aleta A. Trauger, District Judge

## R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered July 20, 2015 (Docket Entry No. 3), this action was referred to the

Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of

the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is the motion for summary judgment (Docket Entry No. 34) filed by

Defendants James Bridges and Corrections Corporation of America. Plaintiff has not responded to

the motion.[1] For the reasons set out below, the Court recommends that the motion be granted and

this action be dismissed.


## I. BACKGROUND

James Spain ("Plaintiff") is a former inmate of the Tennessee Department of Correction

("TDOC") who is no longer incarcerated.[2] He filed this action *pro se* and *in forma pauperis* on

---

[1] Plaintiff was notified of the motion, warned of the consequences of not responding, and given a deadline of May 6, 2016, to file a response. *See* Order entered March 17, 2016 (Docket Entry No. 39.

[2] On November 18, 2015, Plaintiff filed a change of address notice providing a non-institutional residential address. *See* Docket Entry No. 24.

July 15, 2015, alleging that his federal constitutional rights were violated during his confinement at the Metro-Davidson County Detention Facility ("Detention Facility") in Nashville, Tennessee in 2014 and 2015. Plaintiff seeks damages under 42 U.S.C. § 1983 and names as defendants James Bridges ("Bridges") and Corrections Corporation of America ("CCA"), a private business that has contracted to operate the Detention Facility. Bridges and CCA (hereinafter referred to collectively as "Defendants") filed an answer (Docket Entry No. 20), and a scheduling order was entered providing for a period of pretrial activity in the action. The parties demand a trial by jury.

Plaintiff alleges that he began to suffer "severe bouts of pain" in his back in September 2014, that adversely affected his ability to walk. *See* Complaint (Docket Entry No. 1) at 9. He asserts that he was taken to the infirmary, where he remained for almost two weeks under observation, and was thereafter taken to Meharry Hospital for an MRI on October 28, 2014. Plaintiff alleges that his worsening condition caused him to be confined to a wheelchair but that he did not receive any actual treatment for his condition. He alleges that he was taken to a neurologist at Vanderbilt Hospital for examination in February 2015, who determined that Plaintiff had suffered serious damage to his spine. Plaintiff believes that Defendant Bridges, a physician at the Detention Facility, violated his rights by providing him with essentially no medical care whatsoever for his condition. Plaintiff subsequently filed an amended complaint adding CCA as a second defendant based upon the same allegations. *See* Amended Complaint (Docket Entry No. 7).

By their motion for summary judgment, Defendants argue that the undisputed evidence shows that there is no basis for a claim that they violated Plaintiff's constitutional rights. Defendants set forth evidence that Plaintiff was not ignored or treated with deliberate indifference, but was provided with appropriate treatment for his back condition from the time of his intake into the

Detention Facility on June 7, 2013, to his release on November 12, 2015. Defendant CCA further argues that there is no evidence supporting a claim that a policy or custom was the cause of the alleged deficiency in medical care. Finally, Defendants argue that Plaintiff did not suffer a physical injury that was more than *de minimis*, and is, thus, barred from relief by the language of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(c). Defendants support their motion with a Statement of Undisputed Material Facts (Docket Entry No. 38), with the affidavit of Bridges (Docket Entry No. 37), and with the affidavit of Blair Leibach, the Warden of the Detention Facility (Docket Entry No. 36).

## II. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574,

587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

### III. ANALYSIS

The government has a constitutional obligation to provide medical care for the individuals it incarcerates, and "deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A claim for deliberate indifference to a prisoner's serious medical needs has both a subjective and an objective component. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). To satisfy the objective component, Plaintiff must show that he had a "sufficiently serious" medical need. *Comstock*, 273 F.3d at 703. For the subjective component, Plaintiff must demonstrate that the prison official sued had a sufficiently culpable state of mind, in

other words, that the official acted with "deliberate indifference" to the plaintiff's serious medical

need. *Farmer*, 511 U.S. at 834.

Although this standard does not require a showing that the Defendant acted with a purpose

or intent to inflict harm, the standard is nonetheless a high standard and is not satisfied by a showing

of negligence. *See Estelle*, 429 U.S. at 105 ("[A]n inadvertent failure to provide adequate medical

care cannot be said to constitute" a violation of the Eighth Amendment); *Comstock*, 273 F.3d at 703.

Plaintiff must show more than medical malpractice or negligence on the part of Defendant because

the subjective requirement acts "to prevent the constitutionalization of medical malpractice claims."

*Comstock*, 273 F.3d at 703. *See Estelle*, 429 U.S. at 105; *Walker v. Norris*, 917 F.2d 1449, 1454 (6th

Cir. 1990); *Roberts v. City of Troy*, 773 F.2d 720, 724 (6th Cir. 1985).

After review of the record before the Court, the Court finds that summary judgment should

be granted to Defendants. Even if the Court assumes for the purposes of analyzing the pending

motion that Plaintiff has shown that he suffered from an objectively serious  medical need, there is

insufficient evidence before the Court to raise a genuine issue of material fact on the issue of

deliberate indifference on the part of Defendants.

Plaintiff has not responded to Defendants' motion for summary judgment, rebutted the

evidence provided by Defendants, or supported his claim with any of his own evidence.[3]  The

Defendants set forth affirmative evidence in the form of affidavits from persons involved with

medical care and prison operations at the Detention Facility which show that Plaintiff received

examinations and evaluations by medical care providers in response to his complaint, had an MRI

---

[3] Additionally, Rule 56.01(c) of the Local Rules of Court requires that Plaintiff specifically respond to Defendants' Statement of Undisputed Facts.

examination, was provided with medications, and was sent for an outside consultation with a specialist. *See* Affidavit of Bridges. This undisputed evidence shows that Plaintiff's medical issues were not ignored and that he was provided with treatment for these issues. Further, there is no evidence before the Court that shows or from which it can be inferred that any medical decision made with respect to his treatment was colored by deliberate indifference.

Based upon this unrebutted evidence, no reasonable jury could find that Defendant Bridges or any medical care provider at the Detention Facility treated Plaintiff with deliberate indifference with respect to his medical needs as is required for a constitutional claim. *See Farmer*; *supra*; *Estelle*, *supra*. Plaintiff's claim essentially amounts to displeasure with the adequacy of the treatment he received at the Detention Facility and his desire for different treatment. Although "medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference," *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843–44 (6th Cir. 2002) (internal quotation marks and citation omitted), the evidence before the Court does not support such a conclusion. When a prisoner has received some medical attention and the dispute is over the adequacy of that care, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law, *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976), and it is well-settled that neither negligence nor medical malpractice will support a constitutional claim. *See Estelle*, 429 U.S. at 106; *Walker v. Norris*, 917 F.2d 1449, 1454 (6th Cir. 1990); *Roberts v. City of Troy*, 773 F.2d 720, 724 (6th Cir. 1985). Although the care Plaintiff received at the Detention Facility may not have been as prompt or equal to the treatment that he might have received had he not been incarcerated and had he sought treatment on his own from private medical care providers, the Eighth Amendment does not guarantee that a prison inmate

receive the "optimum or best medical treatment." *Ruiz v. Estelle*, 679 F.2d 1115, 1149 (5th Cir. 1982); *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978).

Additionally, with respect to Defendant CCA, Plaintiff has not offered any evidence supporting a conclusion that a policy or custom of CCA was the moving force behind the decisions made regarding his medical care. In order to hold a defendant such as CCA liable under Section 1983, Plaintiff must not only show that a constitutional violation has occurred, which he has not done, but also that a policy or custom of CCA was the cause of the alleged violation. *See* CCA Street v. Corrections Corporation of America, 102 F.3d 810, 817-18 (6th Cir. 1996).

When a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, such as the motion filed by Defendants, the non-moving party may not merely rest on allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact that requires that the action proceed to trial. *See Celotex Corp.*, 477 U.S. at 323-24; *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). Plaintiff's *pro se* status does not relieve him of this obligation, which is a threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987). Plaintiff has failed to satisfy this burden, and summary judgment should be granted to Defendants. In light the Court's finding that there is no evidentiary support for Plaintiff's constitutional claim, there is no reason to address Defendant's alternative arguments for dismissal under the PLRA.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 34) filed by Defendants James Bridges and Corrections Corporation of America be GRANTED and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge